IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAMIE RUTH ANDERSON        Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 3:11-CV-0131-D-BH |
| CITY OF MANNING,        Defendant. | ) ) ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the case should be dismissed for want of prosecution.

### I. BACKGROUND

Plaintiff filed this case and moved to proceed *in forma pauperis* on January 19, 2011. On January 31, 2011, the Court sent her an Additional Financial Information Questionnaire ("AFIQ") to obtain more information about her ability to pay the fee and a Magistrate Judge's Questionnaire ("MJQ") to obtain more information about her claims. Both questionnaires stated that the answers were due within thirty days and warned Plaintiff that failure to file answers could result in the dismissal of the action for failure to prosecute. As of this date, Plaintiff has not filed a response to either questionnaire or anything else in this case.

### II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has

failed to comply with the January 31, 2011 orders requiring that she file answers to the questionnaires within thirty days, and she has not filed anything else in the case. It appears that she does not intend to proceed with this case, and it should therefore be dismissed for failure to prosecute or follow orders of the Court.

## III. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution or failure to follow court orders pursuant to Fed. R. Civ. P. 41(b), unless Plaintiff files answers to the Court's questionnaires within the time for objecting to this recommendation.

**SIGNED** on this 14th day of March, 2011.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE